# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| PERLA HERNANDEZ, ) | |
|          Plaintiff, ) | Case No. 2:13-cv-01365-GMN-CWH |
| vs. ) | **ORDER** |
| BANK OF AMERICA, *et al.*, ) | |
|          Defendants. ) | |

This matter is before the Court on Defendants' Motion for Stay of Discovery Pending Ruling on Motion to Dismiss (#21), filed on October 31, 2013.  No response was received.

## BACKGROUND

On August 2, 2013, Plaintiff filed this action to quiet title asserting that she made good faith offers to pay her obligations. *See* Compl. (#1.)  Subsequently, Defendants filed a Motion to Dismiss (#13) on October 2, 2013.  On October 31, 2013, Defendants filed the instant motion requesting a stay of discovery until the aforementioned motion to dismiss is decided.  In doing so, Defendant argues that staying discovery until the motion to dismiss decided is appropriate because it could result in a resolution of this entire action.  Also, Defendants assert that they should not be required to engage in expensive and time consuming discovery as Plaintiff's claim for good faith offers to pay ignored does not exist, her wrongful foreclosure claim was filed after the statute of limitations expired, and quieting title is not a proper remedy.  Plaintiff failed to submit a response in opposition.

## DISCUSSION

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases.

That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues. *Id*.

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*, 175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case.

The Court finds that the Defendant has made the strong showing necessary to support the requested stay. The Court notes that the Motion to Dismiss (#13) is fully briefed. Also, the issues in the pending dispositive motion are potentially dispositive of the entire case. Additionally, Plaintiff failed to file a response to Defendants Motion to Stay (#21). Local Rule 7-2(d) specifies, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Accordingly, the Court will grant the stay of discovery. The parties shall file a Stipulated Proposed Discovery Plan and Scheduling Order in compliance with Local Rule 26-1 within ten (10) days after an order has been issued on the Motion to Dismiss (#13).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Discovery Pending Ruling on Motion to Dismiss (#21) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall file a Stipulated Proposed Discovery Plan and Scheduling Order in accordance with Local Rule 26-1 within **ten (10) days** after an order

on the Motion to Dismiss (#13) has been issued.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order on Plaintiff at the address listed on the docket.

      DATED this 25th day of November, 2013.

      _____
      **C.W. Hoffman, Jr.**
      **United States Magistrate Judge**