# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PERLA HERNANDEZ,        )<br>                                                  )<br>                       Plaintiff,    )<br>  vs.                                          )<br>                                                  )<br>BANK OF AMERICA, *et al.*,       )<br>                                                  )<br>                       Defendants.  )<br>                                                  )<br>_____ ) | Case No.: 2:13-cv-01365-GMN-CWH<br><br>**ORDER** |

Pending before the Court is a *pro se* civil action filed by Perla Hernandez ("Plaintiff") against Bank of America, N.A., incorrectly sued as Bank of America, ("BOA") and ReconTrust Company N.A., incorrectly sued as Recontrust Company, ("ReconTrust") (Complaint, ECF No. 1.)  Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 13) on October 2, 2013, and Plaintiff filed a Response in Opposition (ECF No. 16) on October 11, 2013.  On October 16, 2013, Defendants filed a Reply in Support of their Motion to Dismiss. (ECF No. 17.)

For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 13.)

## I.   BACKGROUND

On February 28, 2005, Plaintiff financed the purchase of some property, located at 9975 Peace Way, Las Vegas, Nevada 89147, APN# 163-19-313-074 (the "Property"), by obtaining a $203,841.00 loan from Countrywide Home Loans, Inc. ("Countrywide"), which was secured by a Deed of Trust. (Deed of Trust, ECF No. 13-1.)[1]  The Deed of Trust named Mortgage

---

[1] The Court takes judicial notice of Exhibits A-M of Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 13.)  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is

Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Nevada Title as the Trustee and granted MERS the right to foreclose on the Property. (*Id.*) On February 24, 2011, MERS executed a Corporation Assignment of Deed of Trust, making The Bank of New York Mellon fka The Bank of New York the beneficiary under the Deed of Trust. (Corporation Assignment of Deed of Trust, ECF No. 13-2.)[2] MERS also executed a Substitution of Trustee on February 24, 2011, naming ReconTrust as trustee. (Substitution of Trustee, ECF No. 13-3.)[3]

Plaintiff does not deny in any of her pleadings that around February of 2008, she ceased making payments on her mortgage. (Complaint, ECF No. 1; Notice of Default and Election to Sell, ECF No. 13-4.)[4] As a result of Plaintiff's failure to pay, on February 24, 2011, ReconTrust recorded a Notice of Default and Election to Sell. (Notice of Default and Election to Sell, ECF No. 13-4.)

ReconTrust recorded a Foreclosure Mediation Certificate on May 25, 2011, which identified the Property as one that does not require mediation for foreclosure to proceed. (Mediation Foreclosure Certificate, ECF No. 13-5.)[5] ReconTrust also recorded a Notice of Trustee Sale on May 25, 2011, setting a foreclosure sale of the Property for June 14, 2011 at 10:00 am. (May 2011 Notice of Trustee's Sale, ECF No. 13-6.)[6]

---

publicly recorded in the Clark County Recorder's office.  The Deed of Trust was recorded in Clark County as Book and Instrument No. 20050302-0000420. (Deed of Trust, ECF No. 13-1.)

[2] The Corporation Assignment of Deed of Trust was recorded in Clark County as Book and Instrument No. 20110228-0002088. (Corporation Assignment of Deed of Trust, ECF No. 13-2.)

[3] The Substitution of Trustee was recorded in Clark County as Book and Instrument No. 20110228-0002089. (Substitution of Trustee, ECF No. 13-3.)

[4] The February 2011 Notice of Default and Election to Sell was recorded in Clark County as Book and Instrument No. 20110224-0001679. (Notice of Default and Election to Sell, ECF No. 13-4.)

[5] The Mediation Foreclosure Certificate was recorded in Clark County as Book and Instrument No. 20110525-0003400. (Mediation Foreclosure Certificate, ECF No. 13-5.)

[6] The May 2011 Notice of Trustee's Sale was recorded in Clark County as Book and Instrument No. 20110525-0003401. (May 2011 Notice of Trustee's Sale, ECF No. 13-6.)

On June 6, 2011, however, Plaintiff filed an "Affidavit of Fact" in which she avers several unsupported and conclusory statements,[7] including the demonstrably false statement that the mortgage loan is "invalid … since the lender did not, in fact, provide an actual loan to [Plaintiff]." (Affidavit of Fact, ECF No. 13-7; [8] Deed of Trust, ECF No. 13-1.)  On June 28, 2011, Plaintiff also recorded a "Deed of Full Reconveyance," which appears to be a fraudulent document,[9] wherein an individual identified as Alex P. Soria claims to be Trustee under the Deed of Trust and purports to reconvey the Property to Plaintiff "by reason of satisfaction of the obligation secured by said Deed of Trust." (Deed of Full Reconveyance, ECF No. 13-8.)[10]

Subsequently, on November 16, 2011, ReconTrust recorded an Affidavit of Erroneous Recordation, declaring the Deed of Full Reconveyance to have been recorded "in error or fraudulently by unknown unauthorized persons." (Affidavit of Erroneous Recordation, ECF No. 13-9.)[11]  Thereafter, ReconTrust recorded Notices of Trustee's Sale on March 6, 2012, September 11, 2012, and February 27, 2013 (March 2012, Sept. 2012, and Feb. 2013 Notices of Trustee's Sale, ECF Nos. 13-10, 13-11, 13-12.)[12]  The Property was then sold at foreclosure,

---

[7] These statements include, that Defendants' "fractionalized investment banking practices" constituted "unjust enrichment," that some "Deed of Trust" for which there is no identifying information granted Plaintiff the Property free and clear, that Defendants do not have the original copy of the Note, and that MERS "has no legal standing to conduct business in Nevada." (Affidavit of Fact, ECF No. 13-7.)  Because these statements are of dubious authenticity and are not included in Plaintiff's Complaint, any claims they may assert against Defendants are not considered in this Order on Defendants' Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

[8] The Affidavit of Fact was recorded in Clark County as Book and Instrument No. 20110606-0002533. (Affidavit of Fact, ECF No. 13-7.)

[9] In Nevada, it is a category C felony, punishable by up to five years imprisonment and a fine of up to $10,000, to "knowingly procure[] or offer[] any false or forged instrument to be filed, registered or recorded in any public office…." Nev. Rev. Stat. § 239.330.

[10] The Deed of Full Reconveyance was recorded in Clark County as Book and Instrument No. 20110628-0002181. (Deed of Full Reconveyance, ECF No. 13-8.)

[11] The Affidavit of Erroneous Recordation was recorded in Clark County as Book and Instrument No. 20111116-0002300. (Affidavit of Erroneous Recordation, ECF No. 13-9.)

[12] The Notices of Trustee's Sale were recorded in Clark County as Book and Instrument Nos. 20120306-0002600; 20120911-0004028; and 20130227-0002858. (March 2012, Sept. 2012, and Feb. 2013 Notices of Trustee's Sale, ECF Nos. 13-10, 13-11, 13-12.)

and on March 22, 2013, ReconTrust recorded a Trustee's Deed upon Sale. (Trustee's Deed upon Sale, ECF No. 13-13.)[13]

Plaintiff filed her Complaint on August 2, 2013. (Complaint, ECF No. 1.)  Liberally construing the inartfully pled Complaint, Plaintiff appears to be asserting a claim for wrongful foreclosure and seeks quiet title based upon Plaintiff's alleged "Good-Faith Offers to Pay" and Plaintiff's unsupported allegations that the foreclosure was conducted with "fraudulent court documents." (*Id.*)  Also attached to the Complaint is a "Brief in support of Complaint," which consists of two pages of convoluted citations to federal statutes without any explanation of how these statutes apply to the current case. (*Id.* at pp. 50-52.)   Furthermore, Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 16) fails to provide any additional facts or relevant law supporting the claims alleged in the Complaint.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

---

[13] The Trustee's Deed upon Sale was recorded in Clark County as Book and Instrument No. 20130322-0002606. (Trustee's Deed upon Sale, ECF No. 13-13.)

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. DISCUSSION

#### A. Wrongful Foreclosure

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

Nevada statutes do not require parties initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note.  Securitization does not bar a party from initiating foreclosure proceedings. *See* Nev. Rev. Stat. § 107.080; *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, at *2 (D. Nev. 2010) ("NRS 107.080 does not forbid the securitization of a loan.").

Though never explicitly stated as a claim for wrongful foreclosure, Plaintiff's alleges in her Complaint that she "is in lawful possession of documentation indicat[ing] that the subject loan was paid in full" and that Defendants "have instituted a [f]oreclosure proceeding based on fraudulent court documents in which they claim to have a security interest when it can be proved that they do not." (Complaint pp. 3-4, ECF No 1.)  Liberally construed, these assertions may contain a claim for wrongful foreclosure.

However, Plaintiff fails to provide these alleged documents or to allege any additional facts supporting her claims based on her payment of the loan or Defendants' use of fraudulent documents.  Indeed, other than these two conclusory statements, Plaintiff's Complaint is utterly devoid of any information concerning these allegations. These two bald assertions alone fail to give Defendants fair notice of a legally cognizable claim and the grounds on which it rests. *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Likewise, they fail to contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  Furthermore, Plaintiff's Complaint fails to assert that she was not in breach of the mortgage at the time of sale, so there can be no sustainable action for wrongful foreclosure.

**B.  Plaintiff's "Good-Faith Offers to Pay"**

Attached to Plaintiff's Complaint were five documents entitled "Notice of Default and Opportunity to Cure with New Good-Faith Offer to Pay the Total Amount Due," which Plaintiff asserts were "neither accepted nor rejected [and] caused the alleged Loan to be completely and totally [d]ischarged." (Complaint, Ex: B pp. 3-6, 17-32, ECF No 1.)  Plaintiff's delivery and Defendants' disregard of these Good-Faith Offers are the only factual allegations contained in the Complaint other than the occurrence of a foreclosure and identifying information about the Parties and the Property. (*Id.*)

Though Plaintiff asserts that these Good-Faith Offers "caused the alleged Loan to be completely and totally [d]ischarged," Plaintiff fails to provide any citation to legal authority for this claim in either her Complaint or her Response in Opposition to Defendants' Motion to Dismiss. (ECF Nos. 1, 16.)  Furthermore, the first of these Good-Faith Offers was allegedly delivered to Defendants on January 30, 2013, almost two years after the Notice of Default was recorded and the foreclosure sale of the Property occurred. (Complaint, Ex: B pp. 17-19, ECF No 1; Feb. 2013 Notice of Trustee's Sale, ECF No. 13-12; Trustee's Deed upon Sale, ECF No. 13-13.)

This Court is unaware of any law in Nevada that would grant a cause of action for ignoring an offer to pay a debt.  Therefore, to the extent these Good-Faith Offers assert an independent claim, that claim is dismissed.  Moreover, this Court cannot even reasonably conceive of a law that allows an ignored offer to pay a debt to retroactively discharge that debt and invalidate a foreclosure sale based upon a default on that debt that occurred years prior to

the offer.  Therefore, to the extent these Good-Faith Offers attempt to support Plaintiff's wrongful foreclosure claim, they are ineffective.

### C. Quiet Title

In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P. 2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00084-KJD-PAL, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011).  Plaintiff has failed to allege that she was not in breach of the mortgage. Accordingly, this cause of action is dismissed.

### D. Leave to Amend

Generally, if the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

Here, granting Plaintiff additional time to amend her Complaint would be futile and cause undue delay and prejudice to Defendants by further prolonging this suit.  Plaintiff has not sought leave to amend her Complaint, and she has failed to provide sufficient facts to assert any claim in both her Complaint and in her Response in Opposition to Defendants' Motion to

Dismiss (ECF No. 16.)  Because Plaintiff was unable to plead any specific facts showing she was not in default at the time of foreclosure in her Complaint or her Response in Opposition to Defendants' Motion to Dismiss, it is unlikely that Plaintiff would suddenly be able to sufficiently plead her claim of wrongful foreclosure or for quiet title.  Furthermore, the Court notes that Plaintiff has already caused two fraudulent documents to be recorded in Clark County in a bad faith effort to prevent Defendants from exercising their legal rights.  Therefore, allowing Plaintiff additional time to amend her Complaint would serve no purpose but to prejudice Defendants.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**.  All of Plaintiff's claims are dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __14__ day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge